[*GODEL* vs. *M'LANAHAN.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This case comes up on bills of exceptions, it is only necessary for us to notice the second which states that the plaintiff moved that the defendant be ordered to bring his books of accounts into court, he having had two days previous notice to produce them on the trial of the cause. This order the judge refused to give, and assigned as a reason, that

A party may be compelled to produce his books of accounts.

436

the defendant could not be compelled to produce his books in evidence.

It is probable the judge *a quo* formed this opinion on the practice of the common law courts, where the general rule is, that the failure of a party to produce papers in his possession, neither authorises the court to compel their production, nor to take the fact as proved; but merely confers on the opposite party the right of offering inferior evidence of their contents. This rule however, was found to fall so far short of doing justice, that exceptions have been introduced to it, and the settled practice at present in these courts is, that whenever a party would be entitled to a discovery in equity, he should have relief in a court of law, and his adversary be compelled to produce the books or papers called for. See *Philips on Evidence, ed.* 1821, 337. 1 *Taunton,* 167. 11 *Johnson,* 245.

Whether however suitors in these courts obtain this proof through the medium of their chancery jurisdiction, or by the common law tribunals, is an enquiry of not much importance here. Upon principles of justice and good faith, a man has no more right to withhold the evidence by which the debt he owes,

East'n District.
*May*, 1824.

GODEL
*vs.*
M'LANAHAN.

will be established, than he has to retain the object or the money, which that evidence would prove to be unjustly and illegally retained. And if any be so dishonest as to desire to keep back that proof, it is important to a correct and efficient administration of justice, that power should be vested somewhere, to wrest it from them. That power, we conceive is given to the ordinary tribunals of justice in this state, and we think this was a proper case for exercising it. Febrero states, either of the parties litigant in court, are obliged to produce any writings in their possession, if their adversary ask for it. In support of this position, he cites the 3d *Partida, lib.* 2, *Law* 17. In this law various cases are put, where a party defendant is obliged to exhibit papers in court; among others, he who has in his hands a will, when sued by the heir or legatee—the partner who has the common account books—the attorney the papers of the cause intrusted to him—the guardian the documents concerning the estate —the steward the accounts relating to the affairs he has managed—the man who has bound himself to pay money in writing, and retains it in his hands. " In these, *and all similar cases*, (says the law,) any person detaining

papers and writings, is bound to bring them into court, if so required by the owner, *or other persons* having a just right to see them. The plaintiff, in our opinion, had a just right to see the defendant's books, for if they contained such an entry as was alleged in the petition, they were good evidence for him. Nor can any argument be urged against this right, that perhaps they do not contain such an entry, for that can only be ascertained by inspection; and if the right to compel the attendance of witnesses, or the production of papers, rested on the proof which might, or might not be got from them, the administration of of justice would be made to depend on the opinion which witnesses or parties might entertain in regard to the materiality of the evidence in their possession. *Febrero, p.* 2, *lib.* 3, *cap.* 1, § 8, *no.* 393.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered and decreed, that this case be remanded for a new trial, with directions to the judge to order the defendant to produce such of his account books as as may be asked

for by the plaintiff, and in default thereof, to proceed against him according to law, and it is further adjudged and decreed, that the appellee pay the costs of this appeal.

*Morel* for the plaintiff, *Livermore* for the defendant.